**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MACK DESHAWN MCKINNEY      Case Number: 2:07-CV-14127
                                  HON. GERALD E. ROSEN
         Petitioner,              CHIEF UNITED STATES DISTRICT JUDGE

v.

THOMAS K. BELL,

         Respondent.
_____/

**OPINION AND ORDER DENYING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

Mack Deshawn McKinney, ("Petitioner"),  presently confined at the Gus Harrison

Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.[1]  In his application, petitioner challenges his guilty plea

conviction of armed robbery, MCL 750.529.  For the reasons stated below, petitioner's

application for writ of habeas corpus is denied.

**I. Background**

On May 23, 2003, petitioner pled guilty to armed robbery, MCL 750.529, in return

for the dismissal of a carjacking charge, MCL 750.529a.  The court sentenced him on

June 26, 2003 to a term of 20-50 years in prison.

Petitioner's conviction arose from an incident that happened on or about January

31, 2003 in Jackson County, Michigan.  After James Skrocki listed his 1984 Monte

Carlo for sale, petitioner and his co-defendant came to the house to look at the car.  The

---

[1]  The Petitioner was originally confined at the Lakeland Correctional Facility in Coldwater, Michigan.  He has since been transferred to the Gus Harrison Correctional Facility in Adrian, Michigan.

1

three took a test drive with Skrocki's 77 year old father, Benjamin Skrocki.  Since the meeting occurred during Skrocki's lunch break, he had to leave to return to his teaching position at a local school.  After James Skrocki left, petitioner pointed a gun at Benjamin Skrocki's chest.  His co-defendant then took the keys and garage door opener.  Petitioner took Benjamin Skrocki into the basement and taped him to a chair, even though Benjamin Skrocki told petitioner that he had cancer, was undergoing chemotherapy, and would be severely injured from tape placed on his skin.  Petitioner taped his hands anyway and then taped his mouth.  Even before petitioner left, Benjamin Skrocki was already bleeding.  By the time that he broke free, about half an hour later, his clothes were soaking with blood.

Petitioner was charged with one count of armed robbery and one count of carjacking.  Pursuant to a plea agreement, petitioner was permitted to plead guilty to a count of armed robbery with dismissal of the carjacking charge.  Prior to accepting his plea, the trial court specifically informed petitioner that armed robbery carried a sentence of any term of years up to life imprisonment.  The trial court again informed petitioner of the sentence stating, "I want you to clearly understand you're facing a maximum of any term of years up to life in prison; do you understand that?"  Petitioner responded, "Yes, sir." [2]

On June 26, 2003, petitioner received a sentence of twenty (20) to fifty (50) years. Petitioner's minimum sentence was within the guidelines range of 171 to 356

_____

[2]  Plea Transcript, pp. 8-9.

months. [3]

Petitioner's conviction was affirmed on appeal. *People v. McKinney*, 253133 (Mich.Ct.App. February 13, 2004); *lv. denied* 471 Mich. 871; 685 N.W.2d 670 (1994). Petitioner then filed a motion for relief from judgment pursuant to the Michigan Court Rules (MCR) 6.500 *et seq.*, claiming a violation of his Sixth Amendment rights pursuant to *Blakely v. Washington,* 542 US 296 (2004) which was subsequently denied by the circuit court. The Michigan Appellate courts denied petitioner leave to appeal. *People v. McKinney,* No. 274446 (Mich.Ct.App. May 21,2007); *lv. Den.* 480 Mich. 892; 738 N.W. 2d 751 (2007).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. MACK MCKINNEY IS ENTITLED TO RE-SENTENCING, UNDER THE UNITED STATES SUPREME COURT'S DECISION IN BLAKELY WASHINGTON, 542 US _; 124 S CT 2531; 159 LED 2D 403 (2004) AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, WITHIN A GUIDELINES RANGE THAT DOES NOT ASSESS ANY POINTS FOR OFFENSE VARIABLES

II. MACK McKINNEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE MR. MCKINNEY PLED GUILTY IN RELIANCE UPON DEFENSE COUNSEL'S REPRESENTATIONS THAT HE WOULD BE SENTENCED WITHIN THE 19 TO 84 MONTHS GUIDELINE RANGE, THAT REASONABLE EXPECTATION HAVING BEEN UNFULFILLED, MR. MCKINNEY IS ENTITLED TO EITHER SPECIFIC PERFORMANCE OF THAT "PROMISE" OR THE OPPORTUNITY TO WITHDRAW HIS PLEA.

III. THIS MATTER SHOULD BE TREATED AS AN APPEAL OF RIGHT, OR, ALTERNATIVELY, THERE WAS "GOOD CAUSE", AS REQUIRED BY MCR 6.508 (D)(3)(A), FOR THE FAILURE TO RAISE THE PRESENTLY ALLEGED GROUNDS FOR RELIEF IN A DIRECT APPEAL, WHERE THE U.S. SUPREME COURT'S DECISION IN BLAKELY VS WASHINGTON WAS NOT DECIDED UNTIL AFTER MR.

---

[3]  Sentencing Transcript, pp. 14, 20.

MCKINNEY'S DIRECT APPEAL HAD ALREADY BEEN FILED IN THE MICHIGAN APPELLATE COURTS.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

### A. Claim # 1. Resentencing pursuant to Blakely.

Petitioner contends that the trial court judge violated his Sixth Amendment right

4

to a trial by jury by using factors in his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.[4]

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing Mich. Comp. Laws Ann. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing Mich. Comp. Laws

---

[4]  In his third claim, petitioner argues that his *Blakely* claim cannot be procedurally defaulted pursuant to MCR 6.508(D), because *Blakely* had not been decided at the time of his direct appeal.  In light of the fact that petitioner is not entitled to habeas relief on his *Blakely* claim, it is unnecessary to address the issue of procedural default.

Ann. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.  Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)(unpublished); *cert. den.* 128 S. Ct. 1898 (2008); *See also Brown v. Bell,* U.S.C.A. No. 07-2208 (6th Cir. March 7, 2008) (declining to grant a certificate of appealability to habeas petitioner on *Blakely* type claim).

**B.  Claim II.  Guilty plea made in reliance of counsel's representations that he would be sentenced within a 19 to 84 month guideline range.**

Petitioner next contends that he should be resentenced or allowed to withdraw his guilty plea because he relied upon counsel's representations that the sentence agreement called for him to receive a maximum sentence of no greater than 84 months and the court refused to let him withdraw his guilty plea prior to imposing his sentence when the guidelines were scored substantially higher.

Initially, the Court observes that petitioner has no absolute right to withdraw his

6

guilty plea. *See Hoffman v. Jones,* 159 F. Supp.2d 648, 655 (E.D. Mich. 2001)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*  A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655-56 (E.D. Mich. 2001).  Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences,

7

including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers,* 159 F. Supp. 2d at 627 (internal citation omitted). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.*

In reviewing the plea transcript, the Court finds that the alleged sentencing agreement calling for a maximum sentence of 84 months was not part of the record. Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90. Finally, plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).

In the present case, the only agreement made by the prosecutor was that in

8

exchange for petitioner's plea to armed robbery the prosecutor agreed to dismiss the carjacking charge.  In response to questions from the trial court, petitioner acknowledged that he understood that this was the entire plea agreement.  Taking his case to trial would expose Petitioner to a maximum possible sentence of any term of year up to life imprisonment. [5]   Petitioner was later sentenced to 20-50 years in prison.

A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial court that petitioner would be sentenced within a 19 to 84 month guideline range[6].  Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor. *Myers,* 159 F. Supp. 2d at 628. Moreover, petitioner would not be entitled to relief on his claim, where petitioner expressly denied the existence of other representations or promises at the time of his plea, when queried by the trial court. *Hastings,* 194 F. Supp. 2d at 670.   Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, petitioner is not entitled to habeas corpus relief. See *Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980).

The Court will reject petitioner's related ineffective assistance of counsel claim. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel"

---

[5]  Plea Tr, pp. 7-9.

[6]  Plea Tr, pp. 17-18.

guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In the present case, the trial court advised petitioner that the maximum sentence for armed robbery was life in prison or any term of years up to life in prison. Petitioner indicated that he understood the possible penalties and the nature of the sentencing agreement. A state court's proper plea colloquy will cure any misunderstandings that a petitioner may have has about the consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). Thus, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an "extraordinary circumstance" under *Baker* when the court conducts a proper, clear, and through plea colloquy. *Id.* Petitioner

10

2:07-cv-14127-GER-VMM   Doc # 8   Filed 03/31/09   Pg 11 of 12   Pg ID 653

would therefore not be entitled to the withdrawal of his plea based on his allegation that his attorney gave him erroneous sentencing information where petitioner was given the correct sentencing information by the sentencing judge at the time of the plea. *See United States v. Todaro*, 982 F. 2d 1025, 1029-1030 (6th Cir. 1993). Petitioner is not entitled to habeas relief on his second claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880

11

(E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


**s/Gerald E. Rosen**
**Chief Judge, United States District Court**

**Dated:  March 31, 2009**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.**

**s/LaShawn R. Saulsberry**
**Case Manager**